GEORGE P. SOARES (SBN: 213996)
gsoares@grsm.com
JENNIFER J KELLAR (SBN: 216573)
jkellar@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7447
Facsimile: (619) 696-7124

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IN ADMIRLATY

| | |
|---|---|
| Accelerant Specialty Insurance Company, | CASE NO. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| vs. | |
| Tim Steinhauer, | |
| Defendant. | |

Plaintiff, Accelerant Specialty Insurance Company ("Plaintiff or "Accelerant"), by and through counsel, Gordon Rees Scully Mansukhani, LLP, submits the following Complaint for Declaratory Judgment:

**INTRODUCTON**

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, et seq. in that a present controversy exists between the parties hereto in which Plaintiff respectfully requests this Court adjudicate and determine the rights of the parties to a contract of marine insurance that is in dispute.

**JURISDICTION AND VENUE**

2. This is an admiralty and maritime cause within the meaning of Fed. R. Civ. P. 9(h) and 38(e). The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

-1-

3. Plaintiff is a corporation organized and existing under the laws of the State of Arkansas, with its office and principal place of business located in the State of Georgia.

4. Upon information and belief, the defendant Tim Steinhauer ("Defendant" or "Steinhauer") is an individual residing in Auberry, California.

5. The vessel that is the subject of this lawsuit, *Adventure Alley* ("Vessel"), is located at Pacific Boat Services ("PBS") located in Stockton, California.

6. The Court has general jurisdiction over the parties pursuant to *Daimler AG v. Bauman*, 571 U.S. 117 (2014).

7. Venue is proper in the United States District Court for the Eastern District of California as the Defendant is a resident of Fresno County in California and the Vessel is located in San Joaquin County in California. In addition, venue is proper in the United States District Court for the Eastern District of California because in an admiralty case, venue is proper in any court with personal jurisdiction over the defendant. Finally, venue is proper in the United States District Court for the Eastern District of California because Defendant agreed that it would be subject to jurisdiction in this Court.

**GENERAL ALLEGATIONS**

**A.   The Losses**

8. In June 2022, the Vessel, a 1968 65' Pacemaker Fly-Bridge with Detroit twin 350hp diesel engine constructed with hardwood planking/framing, incurred excessive water ingress coming in through the hull as well as an area in the starboard side of the aft steering compartment where repairs were effected due to PBS spilling diesel fuel oil into the bilge wells (the "First Loss").

9. Following the relaunch of the Vessel, the Vessel was moored to an adjacent dock at the PBS yard where it was plugged into shore power and the Defendant and his wife, Julie Steinhauer, lived on board for approximately a week.

During this time, and after the Defendant left, bilge pumps and a separate auxiliary pump in place were being operated due to the water ingress still continually occurring.

10. On July 9, 2022, while left unattended the Vessel became partially submerged (the "Second Loss").

**B.    The Policy**

11. Accelerant issued policy no. CSYRP/211373 to Steinhauer for the policy period March 17, 2022 to March 17, 2023.  Attached as **Exhibit A** is a true and correct copy of the Policy which is incorporated herein by reference.

12. The Policy provides coverage for accidental physical loss of or damage to the scheduled vessel that occurs during the period of the insuring agreement and within the limits set out in the insuring agreement declarations page, subject to the insuring agreement provisions, conditions, warranties, deductibles and exclusions.

13. The Policy contains general conditions and warranties in Section 9:

> ii. It is warranted that the Scheduled Vessel is Seaworthy at all times during the duration of this Insuring Agreement. Breach of this warranty will void this Insuring Agreement from its inception. ["Seaworthiness Warranty"]
>
> * * *
>
> xi. If the Scheduled Vessel is fitted with fire extinguishing equipment, then it is warranted that:
>
> a. All fire extinguishing equipment is properly installed and is maintained in good working order.
>
> b. All fire extinguishing equipment is tagged and certified annually or in accordance with the manufacture's recommendations, whichever is more frequent.
>
> c. The tanks of such equipment are weighed annually or in accordance with the manufacturer's recommendations, whichever is more frequent.

-3-

Complaint for Declaratory Relief

    d. The tanks are recharged as necessary.

    For purposes of complying with this warranty, all installation, maintenance, certification, tagging, weighing, and recharging must be conducted by a duly licensed and qualified individual whose principal business is the installation, maintenance, certification, tagging, weighing, and recharging of such systems. Such individual may not be the insured, a Covered Person or any named operator, unless expressly approved by us in writing. ["Fire Extinguisher Warranty"]

 xii. If You give up Your rights or Our rights to recover damages from anyone who may be liable to You, denying Us the benefit of the right of recovery, payment of any admissible loss under this Insuring Agreement shall be reduced by the amount We have been denied. ["Recovery Provision"]

 xiii. This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstance material to Our acceptance or continuance of this insurance. No action or inaction by Us shall be deemed a waiver of this provision. ["Non-Disclosure Provision"]

    \* \* \*

 xx. Where any term herein is referred to as a 'warranty' or where any reference is made herein to the word 'warranted', the term shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this Insuring Agreement from inception, it is hereby agreed that any such breach will void this Insuring Agreement from inception. ["Warranty Provision"]

14. The Policy contains a choice of law provision which provides:

**11. Service of Suit, Choice of Law and Forum**

**It is hereby agreed that any dispute or claim arising hereunder (including non-contractual disputes or claims), or in connection with this Insuring Agreement, shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, any dispute or claim arising hereunder (including non-contractual disputes or claims), or in connection with this Insuring Agreement, is subject to the substantive laws of the State of New York… .** (Emphasis in the original.)

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**D.    The Claim and Investigation**

15.    On or about June 30, 2022, Steinhauer tendered a claim for the First Loss.

16.    After receiving tender of the First Loss, the matter was referred to Sedgwick's Miami's Branch ('Sedgwick") for assistance in handling.

17.    On or about July 12, 2022, Steinhauer tendered a claim for the Second Loss which was also referred to Sedgwick for assistance in handling.

18.    As part of its investigation, Sedgwick communicated with Steinhauer and PBS regarding the First Loss and Second Loss (collectively the "Claim") and the Vessel.  Sedgwick conducted a survey of the Vessel and investigated the Claim.

19.    Sedgwick concluded that the Vessel was unseaworthy in light of the extended wood rot discovered, the improper planking repairs and that it had to rely consistently on bilge pumps as a safety measure due to continual water ingress from poorly sealed hull planking.

20.    Sedgwick also concluded that the fire suppression system for the engine room had not been serviced or certified since 1997.

21.    Sedgwick also discovered that prior to the inception of the Policy, PBS had concerns about the condition of the Vessel.  Specifically, on September 20, 2021, the Assured signed an invoice from PBS stating "NOTE, Pacific Boat Services cannot be responsible for any damages to the boat due to its inability to withstand a normal haul and launch as a result of its age construction or design…." (the "First Invoice").  Likewise, on or about December 30, 2021, the Assured signed an invoice agreeing that PBS would not be held responsible for any defect or failure of the repairs (including the keel repair) (the "Second Invoice").  The First Invoice and the Second Invoice are collectively referred to as the "Invoices".

22.    On or about December 8, 2022, based upon the facts available, Accelerant concluded there was no coverage under the Policy for the Claim.

Complaint for Declaratory Relief

1  Attached as **Exhibit B** is a true and correct copy of the denial letter.  As the Policy
2  is void from inception, Plaintiff has agreed to return the Policy premium to the
3  Defendant.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment Re: Breach of the Seaworthiness Warranty)**

6  23.   Plaintiff incorporates the allegations in all of the foregoing
7  paragraphs as if set forth fully herein.
8  24.   Defendant warranted, pursuant to the Seaworthiness Warranty under
9  the Policy, that the Vessel was seaworthy at all times during the duration of the
10 insuring agreement.  Pursuant to the Policy, "seaworthy" means:

> [F]it for the Scheduled Vessel's intended purpose. Seaworthiness applies not only to the physical condition of the hull, but to all its parts, equipment and gear and includes the responsibility of assigning an adequate crew. For the Scheduled Vessel to be seaworthy, it and its crew must be reasonably proper and suitable for its intended use.

15 25.   The Vessel was not seaworthy at the time of either the First Loss or
16 the Second Loss nor was it seaworthy at the inception of the Policy.  The basis for
17 the finding the Vessel unseaworthy, includes but is not limited to, the following:
18 (1) the Vessel had a significant amount of wet/dry rotted areas pre-existing to
19 Policy inception; (2) PBS failed to properly repair the damages from a diesel fuel
20 leak; (3) the Vessel suffered from excessive water ingress caused by damage to the
21 hull planking; and (4) the Vessel had to consistently rely on bilge pumps as a
22 safety measure due to continual water ingress from poorly sealed hull planking.
23 26.   In addition, as demonstrated by the Invoices, PBS had expressed
24 concerns regarding the Vessel including the adequacy of the repairs performed by
25 PBS and the Vessel's ability to avoid damage during the haul out.
26 27.   As the Vessel was unseaworthy during the duration of the insuring
27 agreement, the Seaworthiness Warranty was breached.
28 28.   Pursuant to the Seaworthiness Warranty, any breach of said warranty

-6-

Complaint for Declaratory Relief

voids the Policy from its inception.

29. Pursuant to the Warranty Provision of the Policy, Defendant's breach of the Seaworthiness Warranty voids the Policy from inception.

30. Defendant's breach of the Seaworthiness Warranty precludes coverage for the Claim and voids the Policy from inception.

31. Plaintiff is informed and believes, and on that basis alleges, that Defendant contends that the Seaworthiness Warranty was not breached, coverage is not precluded for the Claim, and the Policy is not void.

32. A justiciable controversy has arisen as a result of Defendant's Claim for benefits under the Policy.

33. A judicial determination of these issues will fully and finally resolve the uncertainty and controversy relating to the applicability of coverage to Defendant's Claim.

34. Plaintiff seeks a judicial declaration that the Seaworthiness Warranty was breached, the Policy is void from inception, and coverage is precluded for the Claim.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## SECOND CLAIM FOR RELIEF
**(Declaratory Judgment Re: Breach of Absolute Implied Warranty of Seaworthiness)**

35. Plaintiff incorporates the allegations in all of the foregoing paragraphs as if set forth fully herein.

36. Federal admiralty law contains an absolute implied warranty of seaworthiness which requires the Vessel to be seaworthy at the time the Policy incepts.

37. Here, the Vessel was not seaworthy at the time of Policy inception. Pertinently, the basis for the finding the Vessel unseaworthy at the time of Policy inception, includes but is not limited to, the following: (1) the Vessel had a

significant amount of wet/dry rotted areas pre-existing to Policy inception; (2) PBS failed to properly repair the damages from a diesel fuel leak; (3) the Vessel suffered from excessive water ingress caused by damage to the hull planking; and (4) the Vessel had to consistently rely on bilge pumps as a safety measure due to continual water ingress from poorly sealed hull planking.

38. As the absolute implied warranty of seaworthiness was breached, coverage is precluded for the Claim.

39. Plaintiff is informed and believes, and on that basis alleges, that Defendant contends that the absolute implied warranty was not breached and coverage is not precluded for the Claim.

40. A justiciable controversy has arisen as a result of Defendant's Claim for benefits under the Policy.

41. A judicial determination of these issues will fully and finally resolve the uncertainty and controversy relating to the applicability of coverage to Defendant's Claim.

42. Plaintiff seeks a judicial declaration that the absolute implied warranty of seaworthiness was breached and coverage is precluded for the Claim.

WHEREFORE, Plaintiff prays for judgment as set forth below

### THIRD CLAIM FOR RELIEF

**(Declaratory Judgment Re: Breach of the Fire Extinguisher Warranty)**

43. Plaintiff incorporates the allegations in all of the foregoing paragraphs as if set forth fully herein.

44. Defendant warranted, pursuant to the Fire Extinguisher Warranty, that the fire extinguishing equipment on the Vessel was properly installed and maintained in good working order. Moreover, Defendant warranted that any fire extinguisher would be certified once a year, the tanks weighed once a year and the tanks recharged as necessary.

45. Defendant breached the Fire Extinguisher Warranty under the Policy.

Defendant's breach included, but is not limited to, the failure to service or certify the fire suppression system for the Vessel's engine room since 1997.

46. Pursuant to the Warranty Provision of the Policy, Defendant's breach of the Fire Extinguisher Warranty voids the Policy from inception and precludes coverage for the Claim.

47. Plaintiff is informed and believes, and on that basis alleges, that Defendant contends that the Fire Extinguisher Warranty was not breached, coverage is not precluded for the Claim, and the Policy is not void.

48. A justiciable controversy has arisen as a result of Defendant's Claim for benefits under the Policy.

49. A judicial determination of these issues will fully and finally resolve the uncertainty and controversy relating to the applicability of coverage to Defendant's Claim.

50. Plaintiff seeks a judicial declaration that the Fire Extinguisher Warranty was breached, the Policy is void from inception, and coverage is precluded for the Claim.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## FOURTH CLAIM FOR RELIEF

**(Declaratory Judgment Re: Non-Disclosure Provision)**

51. Plaintiff incorporates the allegations in all of the foregoing paragraphs as if set fully forth herein.

52. Pursuant to the Non-Disclosure Provision under the Policy, the Policy is null and void in the event of non-disclosure or misrepresentation of a fact or circumstance material to Plaintiff's acceptance or continuance of insurance.

53. Defendant failed to disclose material information during the application process, including but not limited the fact that PBS had informed the Defendant it would not be responsible for damage resulting from the keel repair and would not be responsible to damage to the Vessel haul and launch due to age,

-9-

Complaint for Declaratory Relief

1   construction or design.

2   54. These facts and circumstances were material to Plaintiff's acceptance
3   of the risk.

4   55. Defendant breached the Non-Disclosure Provision under the Policy.

5   56. Pursuant to the Non-Disclosure Provision of the Policy, Defendant's
6   breach of the provision precludes coverage for the Claim and voids the Policy from
7   inception.

8   57. Plaintiff is informed and believes, and on that basis alleges, that
9   Defendant contends that the Non-Disclosure Provision was not breached, coverage
10  is not precluded for the Claim, and the Policy is not void.

11  58. A justiciable controversy has arisen as a result of Defendant's Claim
12  for benefits under the Policy.

13  59. A judicial determination of these issues will fully and finally resolve
14  the uncertainty and controversy relating to the applicability of coverage to
15  Defendant's Claim.

16  60. Plaintiff seeks a judicial declaration that the Non-Disclosure Provision
17  was breached, the Policy is void from inception, and coverage is precluded for the
18  Claim

19  WHEREFORE, Plaintiff prays for judgment as set forth below.

## FIFTH CLAIM FOR RELIEF

### (Declaratory Judgment Re: Uberrimae Fidei)

22  61. Plaintiff incorporates the allegations in all of the foregoing paragraphs
23  as if set fully forth herein.

24  62. The federal admiralty doctrine of *uberrimae fidei* precludes coverage
25  if the assured makes misrepresentations and/or does not disclose facts that
26  materially affect Plaintiff's acceptance of the risk.

27  63. Defendant failed to disclose information during the application
28  process, including but not limited to, the fact that PBS had informed the Defendant

-10-

Complaint for Declaratory Relief

it would not be responsible for damage resulting from the keel repair and would not be responsible to damage to the Vessel haul and launch due to age, construction or design.

64. These facts and circumstances were material to Plaintiff's acceptance of the risk.

65. Defendant's failure to disclose material information breached the doctrine of *uberrimae fidei* and precludes coverage for the Claim.

66. Plaintiff is informed and believes, and on that basis alleges, that Defendant contends that the doctrine of *uberrimae fidei* was not breached and coverage is not precluded for the Claim.

67. A justiciable controversy has arisen as a result of Defendant's Claim for benefits under the Policy.

68. A judicial determination of these issues will fully and finally resolve the uncertainty and controversy relating to the applicability of coverage to Defendant's Claim.

69. Plaintiff seeks a judicial declaration that the Defendant breached the doctrine of *uberrimae fidei* and coverage for the Claim is precluded.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## SIXTH CLAIM FOR RELIEF

### (Declaratory Judgment Re: Recovery Provision)

70. Plaintiff incorporates the allegations in the foregoing paragraphs as if set forth fully herein.

71. Pursuant to the Recovery Provision in the Policy, coverage is precluded to the extent that the Defendant waived its right to recover damages from anyone who may be liable to the Defendant.

72. Here, the Defendant waived its rights to recover damages from PBS by signing the Second Invoice.

73. Accordingly, the Recovery Provision was breached and coverage is

-11-

Complaint for Declaratory Relief

1 precluded to the extent that damage to the Vessel was caused by PBS's repairs.

2 74. Plaintiff is informed and believes, and on that basis alleges, that
3 Defendant contends that the Recovery Provision was not breached and coverage is
4 not precluded for the Claim.

5 75. A justiciable controversy has arisen as a result of Defendant's Claim
6 for benefits under the Policy.

7 76. A judicial determination of these issues will fully and finally resolve
8 the uncertainty and controversy relating to the applicability of coverage to
9 Defendant's Claim.

10 77. Plaintiff seeks a judicial declaration that the Defendant breached the
11 Recovery Provision and coverage for the Claim is precluded.

12 WHEREFORE, Plaintiff prays for judgment as set forth below.

### SEVENTH CLAIM FOR RELIEF

**(Declaratory Judgment Re: No Coverage Under The Policy)**

15 78. Plaintiff incorporates the allegations in the foregoing paragraphs as if
16 set forth fully herein.

17 79. There is no coverage under the Policy for the Claim or, in the
18 alternative, coverage is limited.

19 80. Defendant is not legally entitled to recover under the Policy for the
20 Claim.

21 81. Coverage under the Policy is precluded and/or limited because
22 Defendant breached the terms, conditions, and exclusions of the Policy and/or the
23 Claim does not satisfy the terms and conditions of the Policy.

24 82. Plaintiff is informed and believes, and on that basis alleges, that
25 Defendant contends that the terms, conditions, and exclusions of the Policy were
26 not breached and coverage is not precluded for the Claim.

27 83. A justiciable controversy has arisen as a result of Defendant's Claim
28 for benefits under the Policy.

-12-

84.  A judicial determination of these issues will fully and finally resolve the uncertainty and controversy relating to the applicability of coverage to Defendant's Claim.

85.  Plaintiff seeks a judicial declaration that there is no coverage for the Claim under the Policy.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows:

A.  That this Court find and declare that Defendant is not entitled to benefits under the Policy.

B.  That this Court find and declare that Plaintiff is not required to make any payments to or on behalf of Defendant as a result of the loss.

C.  That this Court find and declare that the Seaworthiness Warranty was breached, coverage for the Claim is precluded, and the Policy is void from inception.

D.  That this Court find and declare that the absolute implied warranty of seaworthiness was breached and coverage for the Claim is precluded.

E.  That this Court find and declare that the Fire Extinguisher Warranty was breached, coverage for the Claim is precluded, and the Policy is void from inception.

F.  That this Court find and declare that the Non-Disclosure Provision was breached, coverage for the Claim is precluded, and the Policy is null and void.

G.  That this Court find and declare that the doctrine of *uberrimae fidei* was breached and coverage for the Claim is precluded.

H.  That this Court find and declare that the Recovery Provision was breached and coverage for the Claim is precluded.

I.  That this Court find and declare that there is no coverage for the Claim, or, in the alternative, coverage is limited.

1      J.    For costs of suit.

2      K.    For such other relief as the Court deems just and proper.

Dated: December 8, 2022

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ George P. Soares*
    George P. Soares
    Jennifer J. Kellar
    Attorneys for Plaintiff
    ACCELERANT SPECIALTY
    INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1289980/72943112v.1